BRYCE v. MASSEY.

1. RES JUDICATA.—This court having, on a former appeal, approved the find-
ing of the court below as to the amount advanced for a plantation C., and
remanded the case for an ascertainment of the amount advanced for a
plantation L., the correctness of the amount advanced for C. cannot be
afterwards questioned, especially so as the original referee's report fixing

these advances had not been excepted to when such report was filed before the first hearing on the Circuit.

2. MATTERS NOT CONSIDERED—EXCEPTIONS imputing error to the Circuit decree, in permitting plaintiff to apply at the foot of the decree for order of foreclosure, without requiring plaintiff, by amendment of complaint, to allege what property was covered by the mortgage, and because there was no proof of *lis pendens* filed, will not be *now* considered, where these matters were not brought to the attention of the Circuit Judge, and where the record shows that *lis pendens* had been duly filed.

Before GARY, J., Lancaster, January, 1894.

Action by J. Y. Bryce, as administrator of Thomas W. Dewey, against James R. Massey and O. B. Jones, commenced December 19, 1872. See 35 S. C., 127, for the former appeal. This appeal was by James R. Massey, defendant.

*Mr. Ernest Moore*, for appellant.

*Messrs. R. E. & R. B. Allison*, contra.

March 26, 1895. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. This is the second appeal in this case, and for a full statement of the nature of the case, and the facts developed at the former hearing, reference must be had to the case as reported in 35 S. C., 127. It is sufficient to state here in general terms, that the object of the action was to recover the amount advanced to the appellant under two papers, which were held in the former case to amount to an equitable mortgage. Advances to an amount not exceeding ten thousand dollars, for the purpose of carrying on two plantations owned by appellant, one called the Landsford place, situate in Chester County, and the other called the Lancaster place, situate in the county of Lancaster, were contracted for and secured by this equitable mortgage. But while the amount advanced for the Landsford place was ascertained at the former hearing, the amount advanced for the Lancaster place was not ascertained—probably for the reason that the advances for the Lancaster place had been paid by the appellant. But the court held that, inasmuch as the advances for *both* of the

25—43

places was limited to the sum of ten thousand dollars, it was necessary that the amount advanced for the Lancaster place should be ascertained, and deducted from the total sum to be advanced, as the appellant could only be held liable under the lien for advances on the Landsford place to the extent of the balance thus ascertained, after crediting appellant with such amounts as the plaintiff may have received from the Landsford place, as well as for a balance of $1,118.81, due by plaintiff to defendant, Jones, the agent of appellant in managing the Landsford place, as the result of his operations of a previous year. For this purpose, alone, the case was remanded to the Circuit Court, the language of the court being: "But while the amount of the advances made for the use of the Landsford place has been ascertained by the report of the referee, as stated in exhibit X, we do not find anywhere in this voluminous record any statement of the amount advanced for the use of the Lancaster plantation, under the terms of paper D, and hence the case must go back, for the purpose of requiring the referee to ascertain such amount." Under that judgment of this court, the case went back, and the referee made his report, ascertaining the amount advanced for the use of the Lancaster plantation during the year 1869 to be the sum of $1,650.33, to which appellant filed sundry exceptions, set out in the "Case;" which, without questioning the correctness of the amount found to have been advanced for the Lancaster place, raise sundry questions as to the amount due by appellant to the plaintiff—mainly contesting sundry advances which had been previously charged as made for the Landsford place in the former report of the referee. Upon this report and the exceptions thereto, the case came before his honor, Judge Ernest Gary, for hearing. The Circuit Judge held, that the referee had very properly confined his inquiry to the issue submitted to him, viz: the "amount advanced by J. Y. Bryce & Co. for the use of the Lancaster plantation, under the terms of paper D," and holding that the exceptions taken by the present appellant undertook to open up questions previously decided, held that plaintiff was entitled to recover from defendant the balance ascertained by first deducting from the

said sum of ten thousand dollars the amount of the advances for the Lancaster plantation, together with the above mentioned sum of $1,118.81, and the sum of $5,456.76, for which appellant had been previously adjudged to be entitled to credit, to wit: "the sum of $1,774.10, and that any and all property included in the equitable mortgage 'D,' is hereby charged, under the terms of the same, with the payment of said sum, and the plaintiff is privileged, at the foot of this decree, to apply for any such orders as may be necessary to enforce the same." ·

From this judgment the defendant appeals upon numerous grounds set out in the record, all of which, except the 22d, 23d, and 24th, complain of error in not restricting the amount of the advances made for the use of the Landsford place, to charges for "provisions and merchandise."

It is very obvious that the real question raised by this appeal, passing by for the present exceptions 22, 23, and 24, is whether the Circuit Judge has erred in construing the former judgment of this court. We do not see how there can be a doubt upon this point. It seems to us, that a simple reading of the opinion in the former appeal, especially that part of it from which the foregoing extract is taken, is abundantly sufficient to show that Judge Gary was entirely correct in the construction which he placed upon the former judgment. In view of the fact that this court held that "the amount of the advance made for the use of the Landsford place has been ascertained by the report of the referee as stated in exhibit X," it seems to us very clear that any exception to the amount thus ascertained is an attempt to reopen questions already adjudicated, which upon well settled principles cannot be permitted.

Again, we find the following language in the opinion rendered under the former appeal: "The defendant, Massey, in his argument here, has made objection to sundry items charged by the referee as advances made for the use of the Landsford place, in the account filed with his report as exhibit X, but as we do not find any exceptions to the report of the referee based upon such alleged erroneous charges, they cannot be considered here." It seems to us that if the account filed

with the original report of the referee contained any charge supposed to be erroneous upon *any* ground, that *then* was the proper time to take exception thereto, and if not then taken, it is now too late to do so. *Huson* v. *Wallace*, 1 Rich. Eq., 1; *Boyce* v. *Boyce*, 6 Rich. Eq., 302. We think, therefore, it is now too late to raise any question as to the corrections of the amount heretofore ascertained to have been advanced for the use of the Landsford place, even if such a question could, at any time, have been successfully raised, which is more than doubtful, as the language used in the addition made to paper D by the appellant himself is well calculated to show that advances in money, as well as in provisions and merchandise, was contemplated by the parties.

Exception 22 imputes error to the Circuit Judge, "in granting leave to the plaintiff to apply, at the foot of the decree, for an order or decree of foreclosure, without requiring the said plaintiff first to amend his complaint so as to allege what property was covered by the mortgage paper D herein, and without requiring plaintiff to prove what property was so covered." Exception 23 complains of error in granting leave to plaintiff to apply at foot of decree for judgment of foreclosure, without showing by affidavit or certificate of the clerk that notice of the pendency of the action had been duly filed. Exception 24 is very much to same effect. These three exceptions relate to matters which do not seem to have been brought to the attention of the Circuit Judge, and, therefore, he made no ruling as to them, and hence there is nothing for us to review. Besides, these are matters more proper to be considered when application is made for a sale of the property claimed to be covered by the mortgage, and certainly cannot be regarded as constituting any error in the judgment appealed from. In addition to this, it appears from the "Case" that notice of the pendency of the action was filed when the action was first instituted and again when the supplemental complaint was filed. So that there does not seem to be any foundation for these exceptions—at least, so far as the present appeal is concerned.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.